```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         COOKEVILLE DIVISION
```

GARY CARTER,                        )
                                    )
        Plaintiff                   )
                                    )
v.                                  )    No. 2:13-0019
                                    )    Judge Sharp/Brown
W.B. MELTON, in his official        )    **Jury Demand**
and individual capacity; SHANNON    )
HARVEY in his official and          )
individual capacity; and ETHAN      )
BEAN, in his official and           )
individual capacity,                )
                                    )
        Defendants                  )

## **O R D E R**

The Defendants have filed a motion for leave to file a sur-surreply (Docket Entry 82).

The Magistrate Judge is less than enthused about surreplies, much less sur-surreplies. Under the Court's rules, motions and responses are limited to 25 pages, and replies (and to the extent allowed, surreplies) are limited to five pages. If the parties ever want the Magistrate Judge to rule a matter they need to quit raising new issues after the original motion. That being said, the motion is **GRANTED.**

The Plaintiff needs to leave at least an inch margin at the bottom of his pleadings. As it is, the docketing information is written over the last line of his pleadings and it makes both the docket entry information and the last line virtually unreadable.

Presently pending is the motion for an extension of time to amend the pleadings and to compel Defendants to produce evidentiary documents and surveillance footage (Docket Entry 76).

The motion for an extension of time is **GRANTED** and it appears that the Plaintiff has filed a proposed amended complaint. Under the Prison Litigation Reform Act the Magistrate Judge will review the proposed amended pleadings to see if it appears to state a cause of action. The Defendants may respond to the proposed amendment. Any reply by the Plaintiff is limited to **five pages**.

As an initial matter the Magistrate Judge would note that the allegation of excessive force against Bean on September 1, 2012, may be outside the Tennessee one-year statute of limitations.

The Magistrate Judge also is concerned that the Plaintiff is raising issues about the length of his sentence and whether it is concurrent with a Kentucky sentence. These matters are properly raised through *habeas corpus* and not through Section 1983 cases.

The portion of the motion to compel the Defendants to produce various documents and surveillance footage is somewhat confusing. The response (Docket Entry 80) is **GRANTED** to the extent that the May 15, 2012, video should be produced. The footage from December 14, 2012, based on the information received, need not be produced.

In deciphering the rambling response to the January 15, 2013, surveillance, the Magistrate Judge understands that Defendants to say that it is not relevant, and regardless, they do not have it. If they do not have it, they cannot produce it. To the extent there are objections to the security issues, they can be

resolved by providing the Plaintiff a copy and allowing him to review the copy at the jail. The copy can then be returned to the jail at the conclusion of this case.

It is so **ORDERED**.

      /s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge